[No. 469.  Decided August 12, 1892.]

PUGET SOUND & CHEHALIS RAILROAD COMPANY, *Appellant,* v. JAMES G. INGERSOLL AND JENNIE INGERSOLL, *Respondents.*

APPEAL—WEIGHT OF EVIDENCE.

The verdict of a jury will not be disturbed where the testimony is conflicting, but there is sufficient evidence to sustain the verdict.

*Appeal from Superior Court, Thurston County.*

*Allen & Ayer,* for appellant.

*Edward B. Simmons,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This appeal is taken on two grounds, viz.: (1) Insufficiency of the evidence to justify the verdict; (2) Error in the assessment of the amount of the recovery. We have examined all the testimony in this case, but are not able to say that error was committed by the court in overruling appellant's motion for a new trial for the reasons alleged in the motion.  So far as the special terms of the contract are concerned, the proof is exceedingly unsatisfactory.  It is usual in cases of this kind to have the contract executed in duplicate, each party retaining one; but in this instance only one was written, and the company took possession of that, although the respondent says they promised to furnish him a copy, but never did so.  The company then had the original and best evidence of the contract, but was unable to produce it in court, and had to rely on the memory of the witness Elwell, who had been its agent, as to the contents of the contract executed three years before, and his testimony is not very clear as to the provisions withholding 25 per cent.  His testimony shows

that he had no conception of the true meaning of the term
"liquidated damages," and there was no attempt to prove
any damages of any kind as the result of respondent's
failure to furnish the full quota of ties contracted for. Be-
sides, under the testimony, the jury was justified in believ-
ing the statement of the respondents that the appellant first
violated the contract by refusing to pay them for the ties,
thereby preventing them from complying with the con-
tract. The testimony of the respondents is clear and cer-
tain as to the number of ties actually delivered, while that
of the agent for the appellant is doubtful and does not
profess to be certain as to the amount. So far as the $410
alleged to have been paid by the company through New-
lin for the benefit of the respondents is concerned, the
burden of proof is upon the appellant to establish that
payment, and, in our judgment, it failed to establish it.
Conceding that appellant paid it to Newlin, with instruc-
tions to pay it to respondents, yet that fact is not sufficient
to bind the respondents. It is true that one witness testi-
fied that respondent Ingersoll, in a conversation over
three years before, had told him that Ouellette and Elwell
had advanced him the money to pay for his timber claim,
but Ingersoll swears that he did not tell him so, and fur-
ther swears positively that he himself paid Newlin the
money to pay for the land, and a vigorous attempt on
cross-examination to weaken his testimony by compelling
him to show in detail where he obtained the money to
enter the land, we think, was not successful.

The deposition of Shields, the ex-receiver of the land
office, to the effect that his memoranda of money received
showed $410 paid by W. W. Newlin for James G. Inger-
soll does not in any way tend to contradict Ingersoll, for
Ingersoll testified that Newlin did his business for him at
the land office on that occasion, and paid the money for
him; but that he furnished the money which Newlin paid,

and not the appellant. Newlin died before the action was commenced, consequently he could not be heard from. The jury probably thought that the transaction was a little unusual, and that a more direct way of doing business would have been to have furnished the money directly to Ingersoll without the intervention of Newlin. At all events, the testimony was simply conflicting, and, so far as we can see from the record, there is no legal barrier in the way of the jury believing the testimony of the respondent throughout, as against the testimony furnished by the appellant, and of acting upon that belief in making the estimate and in arriving at their verdict. It is not a case, in our judgment, where there is not testimony sufficient to sustain the verdict, or where the verdict is so manifestly wrong that judicial interference would be justified.

This conclusion renders an investigation of the motion to dismiss the appeal unnecessary.

The judgment is, therefore, affirmed.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.